## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| LAKESHA NORINGTON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 3:12-CV-518-TLS |
| | ) | |
| SUPERINTENDENT, Westville Correctional Facility, | ) ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

The Petitioner, Lakesha Norington, submitted a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody [ECF No. 1] dealing with a disciplinary hearing at the Westville Correctional Facility (WCF). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, district courts are obligated to review a habeas corpus petition and to dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *Id.* Rule 4 provides district courts with a gatekeeping responsibility to sift through habeas corpus petitions and dismiss those petitions which obviously lack merit.

When prisoners lose good time credits at prison disciplinary hearings, the Fourteenth Amendment's Due Process Clause guarantees them certain procedural protections, including (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision maker; (3) an opportunity to call witnesses and present documentary evidence in defense when consistent with institutional safety and correctional goals; and (4) a written statement by the fact finder of evidence relied on and the reasons for the disciplinary action. *See Wolff v. McDonnell*, 418 U.S. 539 (1974). There must also be "some evidence" to support the decision of the prison disciplinary board. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985).

In ground one of her Petition, the Petitioner asserts that her due process rights were violated at the hearing because the screening officer violated an Indiana Department of Correction (IDOC) policy by being present at the hearing. The Court notes that the WCF official who reviewed the Petitioner's institutional appeal concluded that "[t]he screening officer had no involvement in the hearing process." (Disciplinary Hearing Appeal Decision, ECF No. 1 at 22.) But even if the screening officer was present at the hearing in violation of IDOC rules, it would not entitle the Petitioner to federal habeas relief. Section 2254 provides that federal courts shall entertain an application for writ of habeas corpus on behalf of a person in state custody "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Relief in this action is only available for a violation of the federal Constitution or laws. *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991). Violations of prison disciplinary policies, such as those alleged by this Petitioner in ground one of her Petition, do not state a claim for federal habeas relief. *Hester v. McBride*, 966 F. Supp. 765, 774–75 (N.D. Ind. 1997) (finding that violations of IDOC disciplinary policy do not state a claim for federal habeas relief).

In her fourth ground, the Petitioner asserts that her case was heard by only one disciplinary hearing officer, in violation of IDOC policy, which she alleges requires "a 3 person disciplinary tribunal." (Petition 3, ECF No. 1.) But, as already noted, a violation of IDOC policy states no claim upon which federal habeas relief can be granted. *Hester v. McBride*, 966 F. Supp. at 774–75. Under *Wolff v. McDonnell*, due process requires an impartial decision maker, 418 U.S. at 570–71, but it does not require a multi-member rather than a single-member factfinder.

In ground two of her Petition, the Petitioner argues that the conduct report was "false." (Petition 3.) But the Fourteenth Amendment does not protect an inmate from being falsely accused of misconduct. The Petitioner, "['] as all other prison inmates, has the right not to be

deprived of a protected liberty interest without due process of law.' Thus, where a prisoner is provided due process, no constitutional violation results from his being falsely accused of a misconduct." *Brown v. Hannah*, 850 F. Supp. 2d 471, 476 (M.D. Pa. 2012) (quoting *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986)). The Seventh Circuit noted in *McPherson v. McBride*, 188 F.3d 784 (7th Cir. 1999), that:

> McPherson argues that the "some evidence" standard of review does not apply where a correctional officer knowingly submits a false disciplinary report. However, we have long held that as long as procedural protections are constitutionally adequate, we will not overturn a disciplinary decision solely because evidence indicates the claim was fraudulent.

*Id.* at 787 (citations omitted). So long as the Petitioner received the due process required by *Wolff v. McDonnell* and *Superintendent, Massachusetts Correctional Institution v. Hill*,[1] her claim that the conduct report was false is not cognizable in a § 2254 action.

In ground three of her Petition, the Petitioner argues that state officials "planted 'evidence'" in her cell. She states that "[a] razor blade was planted in my cell different from the razors we are issued." (Petition Attachment 3, ECF No. 1-1.) In *Hanrahan v. Lane*, 747 F.2d 1137 (7th Cir. 1984), an inmate asserted that his due process rights were violated when a prison guard planted false evidence and issued a disciplinary citation based on that false evidence. The Seventh Circuit found that "[t]he protections against this arbitrary action, however, are the procedural due process requirements as set forth in *Wolff v. McDonnell*." *Id.* at 1140. The *Hanrahan* court continued:

> The disciplinary procedures allow a prisoner a chance to defend against improper or erroneous charges. The procedural protections were established to insure fair, impartial decisionmaking on the part of prison officials prior to the imposition of sanctions against a prisoner. The procedures allow an inmate the opportunity to tell his own version of the events at issue to the disciplinary committee.

---

[1] The Petitioner has not argued that the hearing officer's decision failed to meet the "some evidence" standard, as required by *Hill*.

*Id.* In conclusion, the *Hanrahan* court stated: "We find that an allegation that a prison guard planted false evidence which implicates an inmate in a disciplinary infraction fails to state a claim for which relief can be granted where the procedural due process protections as required in *Wolff v. McDonnell* are provided." *Id.* at 1141. *See also McPherson*, 188 F.3d at 787 (procedural due process protections provide a constitutional safeguard from arbitrary actions). So long as the Petitioner received the due process required by *Wolff v. McDonnell*—and the Petition does not suggest that the disciplinary hearing officer did not afford her those protections—her claim that the author of the conduct report provided false evidence is not cognizable in a § 2254 action.

For the reasons stated above, the Court DISMISSES the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody [ECF No. 1] pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

SO ORDERED on November 28, 2012.

                                        s/ Theresa L. Springmann  
                                        THERESA L. SPRINGMANN  
                                        UNITED STATES DISTRICT COURT  
                                        FORT WAYNE DIVISION