# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| LAKESHA NORINGTON, | ) |  |
|---|---|---|
| Petitioner, | ) |  |
| v. | ) | CAUSE NO.: 3:12-CV-518-TLS |
| SUPERINTENDENT, Westville Correctional Facility, | ) |  |
| Respondent. | ) |  |

## OPINION AND ORDER

The Petitioner, Lakesha Norington, submitted a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody [ECF No. 1] dealing with a disciplinary hearing at the Westville Correctional Facility. This Court reviewed that Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases, and dismissed it as being without merit. (Op. & Order, ECF No. 5.)

The Petitioner has filed a Motion to Correct the Manifest Error of Court [ECF No. 8], seeking to reinstate her Petition. In her Motion to Correct, the Petitioner states:

> [Judge] Springmann by her opinion and order applies therein inapplicable legal standards. Actually, her opinion and order shows disregard for reformative Justice that is mandated by our State of Indiana Constitution Article I, Section 18 mandates which [Judge] Springmann is manditorily [sic] bound to honor yet shows such a disregard and is a travesty against all of we citizens.

(Mot. to Correct 1–2, ECF No. 8.) Elsewhere in her Motion to Correct, the Petitioner states:

> The mandatory, non-discretionary statutory duty both hearing and screening officer failed to perform which denied Ms. Norington of her due process rights, protected liberty interest and her procedural rights is established by State Policy 02-04-101 Section VII E.1.(a) (Petitioner's Addendum A) and because both the hearing officer and the screening officer refused to honor the mandates of such policy they denied Ms. Norington of her due process rights to a full, fair Procedurally intact hearing thus denied her her rights to a fair hearing which such Procedures were established to safeguard rights not hinder their Protections which the officers disregarded as does

[Judge] Springmann.

(*Id.* 3.)

The Petitioner asserts that this Court disregarded provisions of the Indiana Constitution and Indiana Department of Correction policy when reviewing her Petition for Writ of Habeas Corpus. But the collateral review envisioned by § 2254 focuses on violations of the Constitution, treaties, and laws of the United States. 28 U.S.C. § 2254(a); *see Bell v. Duckworth*, 861 F.2d 169, 170 (7th Cir. 1988). Section 2254 does not focus on violations of state law. *See Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991). The Petitioner's argument that this Court erred by not considering provisions of the Indiana Constitution or Indiana Department of Correction policies is without merit.

The Court looks to the substance, not the label, of a pro se filing to determine its character. *United States v. Antonelli*, 371 F.3d 360, 361 (7th Cir. 2004) (per curiam). The Petitioner's Motion to Correct the Manifest Error of Court appears to be, in substance, a motion for reconsideration. Although motions for reconsideration are not specifically authorized by the Federal Rules of Civil Procedure, courts in the Seventh Circuit apply Rule 59(e) or Rule 60(b) standards to these motions. *See United States v. Roth*, No. 10 Misc. 001, 2010 WL 1541343, at *2 (E.D. Wis. Apr. 19, 2010); *see also Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008) (discussing the differences between Rule 59(e) and Rule 60(b)). A motion to alter or amend under Rule 59(e) "must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). If timely filed, a motion styled as a motion for reconsideration should be considered under Rule 59(e). *Kiswani v. Phoenix Sec. Agency, Inc.*, 584 F.3d 741, 742 (7th Cir. 2009) (citing *Kunik v. Racine Cnty., Wis.*, 106 F.3d 168, 173 (7th Cir. 1997)). However, when a

motion otherwise appropriate for consideration under Rule 59(e) is not timely filed, it "automatically becomes a Rule 60(b) motion." *Kiswani*, 584 F.3d at 743 (quoting *Talano v. Nw. Med. Faculty Found. Inc.*, 273 F.3d 757, 762 (7th Cir. 2001)). "To prevail on a motion for reconsideration under Rule 59, the movant must present either newly discovered evidence or establish a manifest error of law or fact." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000). A manifest error means "the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Id.* (quoting *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). "A party may not use a motion for reconsideration to introduce new evidence that could have been presented earlier." *Id.*

The Petitioner placed her Motion to Correct the Manifest Error of Court into the prison mailing system on December 27, 2012, only 28 days after the Clerk's Entry of Judgment on November 29. Therefore, the Court will analyze the Plaintiff's Motion as a motion to alter or amend under Rule 59(e).

Although the Petitioner suggests that she is introducing evidence of a manifest error of law, she presents no evidence to disturb this Court's previous conclusion that her Petition stated no grounds upon which federal habeas relief could be granted. She points the Court to *Nicoletti v. Brown*, 740 F. Supp. 1268, 1285–87 (N.D. Ohio 1987), a § 1983 case where the court discussed procedural and substantive due process in the context of Title XIX of the Social Security Act. *Nicoletti* did not involve a § 2254 claim, nor does it disturb this Court's ruling on the Petitioner's habeas corpus Petition, which was based on relevant United States Supreme Court, Seventh Circuit, and Northern District of Indiana precedent. (Op. & Order 2–4, ECF No. 5.) The Petitioner has not shown that the Court disregarded, misapplied, or failed to recognize

3

controlling precedent. *Oto*, 224 F.3d at 606. Thus, she has not presented evidence of a manifest error of law, nor has she presented any other basis for reconsideration under Rule 59(e). Accordingly, the Court will deny her request that the Court reverse its prior decision.

## CONCLUSION

For the foregoing reasons, the Court DENIES the Petitioner's Motion to Correct the Manifest Error of Court [ECF No. 8].

SO ORDERED on January 29, 2013.

                                          s/ Theresa L. Springmann
                                          THERESA L. SPRINGMANN
                                          UNITED STATES DISTRICT COURT
                                          FORT WAYNE DIVISION